lml

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DOUGLAS SCHNEPF, Individually and as Special Administrator of the ESTATE OF MARY ANN SCHNEPF, Deceased, and ROBERT SCHNEPF,<br><br>and<br><br>FAIRWAY ESTATES HOMEOWNERS ASSOCIATION,<br><br>        Plaintiffs,<br><br>v.<br><br>KANSAS GAS SERVICE COMPANY<br><br>and<br><br>ONEOK, INC.,<br><br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 04-4143-JAR |

## MEMORANDUM AND ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND

Plaintiffs filed suit in state court alleging various state law claims arising from the death of Mary Ann Schnepf and property loss to Fairway Estates Homeowners Association. Defendants jointly removed the case to this Court. This matter is presently before the Court on plaintiffs' Motion for Remand (Doc. 6) and Motion for Costs and Expenses (Doc. 11). For the reasons set forth below, the Court concludes that remand is appropriate, but denies plaintiffs' request for costs.

**Background**

Plaintiffs originally filed suit in the District Court of Saline County, Kansas.  Plaintiffs brought claims against defendants based on theories of negligence, negligence per se, and strict liability after fugitive gas ignited causing an explosion and fire that resulted in the death of Mary Ann Schnepf in her Salina, Kansas home and property loss to Fairway Estates.  Plaintiffs alleged in the petition that defendant Kansas Gas Service Company ("KGSC") is a Kansas corporation and defendant ONEOK, Inc., is an Oklahoma corporation.  Plaintiff Douglas Schnepf, who filed suit individually and on behalf of the estate of Mary Ann Schnepf, is a resident of Johnson County, Kansas.  Plaintiff Robert Schnepf is a resident of South Dakota.   Plaintiff Fairway Estates Homeowners Association is a not-for-profit corporation operating in the State of Kansas.  On October 29, 2004, defendants filed a Joint Notice of Removal (Doc. 1) to this Court, alleging diversity jurisdiction.  Specifically, defendants contend that KGSC was fraudulently joined in the action.  The Court grants defendants' Motion to Supplement their brief (Doc.  8).  Plaintiffs responded and have moved for costs (Doc. 11).

**Standards for Removal**

A civil action is removable only if plaintiff could have originally brought the action in federal court.[1]  The court is required to remand "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[2]  As the party invoking the federal court's jurisdiction, defendant carries the burden of demonstrating that the requirements for exercising jurisdiction are

---

[1] 28 U.S.C. § 1441(a).

[2] *Id.* § 1447(c).

present.[3]  Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction,[4] and requires a court to deny its jurisdiction in all cases where such jurisdiction does not affirmatively appear in the record.[5]  "Doubtful cases must be resolved in favor of remand."[6]  Subject matter jurisdiction based on diversity requires that no plaintiff be a resident of the same state as any defendant and that the amount in controversy exceed $75,000.[7]  Removal jurisdiction over diversity cases is more limited than jurisdiction over diversity cases originally brought in federal court because removal based on diversity is available only if none of the defendants is a citizen of the state in which the action is brought.[8]

### Discussion

Jurisdiction in this case turns on whether defendant KGSC is a properly joined party. Defendants contend that ONEOK is actually the proper party to the lawsuit, while KGSC is a fraudulently joined and improper party to the suit.

### *Fraudulent Joinder*

It has long been held that the right of removal cannot be defeated by "a fraudulent joinder of a

---

[3]*Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (citation omitted).

[4]*Frederick & Warinner v. Lundgren*, 962 F. Supp. 1580, 1582 (D. Kan. 1997) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)).

[5]*Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

[6]*Thurkill v.  The Menninger Clinic, Inc.*, 72 F. Supp. 2d 1232, 1234 (D. Kan. 1999) (citing *Laughlin v.  Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995) (further citations omitted)).

[7]28 U.S.C. § 1332(a).

[8]*Id.* § 1441(b).

3

resident defendant having no real connection with the controversy."[9]  Fraudulent joinder is a term of art;

it does not reflect on the integrity of the plaintiff or counsel, but exists regardless of the plaintiff's

motives when the circumstances do not offer any other justifiable reason for joining the defendant.[10]

The removing defendant's burden of proving fraudulent joinder is not unlike the burden of proving any

claim of fraud.[11]  "[U]pon specific allegations of fraudulent joinder, the court may pierce the pleadings,

consider the entire record, and determine the basis of joinder by any means available."[12]

The Tenth Circuit addressed fraudulent joinder claims in its unpublished *Montano* opinion,

stating:

> To prove their allegation of fraudulent joinder [the removing parties]
> must demonstrate that there is no possibility that [plaintiff] would be
> able to establish a cause of action against [the joined party] in state
> court.  In evaluating fraudulent joinder claims, we must initially resolve
> all disputed questions of fact and all ambiguities in the controlling law in
> favor of the non-removing party.  We are then to determine whether
> that party has any possibility of recovery against the party whose
> joinder is questioned.  This standard is more exacting than that for
> dismissing a claim under Fed. R. Civ. P.  12(b)(6); indeed, the latter
> entails the kind of merits determination that, absent fraudulent joinder,
> should be left to the state court where the action was commenced.
> Finally, as the reference to "a cause of action" in the quoted passage
> reflects remand is required if any one of the claims against the non-
> diverse defendant . . . is possibly viable. [13]

---

[9]*Cooper v. Zimmer Holdings, Inc.*, 320 F.Supp.2d 1154, 1156-57 (D. Kan. 2004) (quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

[10]*Id.* (citation omitted).

[11]*McLeod v. Cities Serv. Gas Co.*, 233 F.2d 242, 246 (10th Cir. 1956).

[12]*City of Neodesha, Kansas v. BP Corp. N. Am. Inc.*, ---F. Supp. 2d---, 2005 WL 273172 (D.  Kan.  2005) (quoting *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (citations omitted)).

[13]*Montano v. Allstate Indem.*, 211 F.3d 1278, 2000 WL 525592, **1-2 (10th Cir.  2000) (citation omitted).

Although *Montano* is unpublished, other courts in this district have recently relied upon its reasoning as persuasive.[14]  Because the case has persuasive value with respect to this issue that is not resolved in the Tenth Circuit's published opinions, and its rationale assists this Court in deciding the instant pending motion, the Court shall also rely upon *Montano*.[15]

Thus, the Court must determine whether plaintiffs have any possibility of recovery against KGSC, viewing any disputed questions of fact and all ambiguities in the controlling law in favor of the plaintiffs, as the non-removing parties.[16]  "To defeat plaintiffs' motion to remand it is incumbent upon defendants to show that there is no possibility that plaintiffs would be able to establish a cause of action against [the defendant] in state court."[17]  To make this determination, the court looks to the facts pled in the petition and the law of the state of Kansas.[18]       The petition alleges that KGSC, a division of ONEOK, is a public utility that transacts business in Kansas and/or caused injury to persons and property within Kansas while a product or a material processed, serviced or manufactured by KGSC was used within Kansas in the ordinary course of trade or use.  The petition further alleges that at all times material hereto, KGSC has been a transporter and retailer of natural gas and has engaged in the retail marketing and distribution of natural gas for residential, commercial, industrial, agricultural and

---

[14]*City of Neodesha*, 2005 WL 273172 at *3; *Cooper*, 320 F. Supp. 2d at 1157; *Crow v. State Indus.*, Case No. 01-2555, 2003 WL 1053945, *3 (D. Kan. Feb. 27, 2003).

[15]*See* 10th Cir. R. 36.3(B)(1) - (2) (explaining that unpublished decisions may be cited if they have persuasive value with respect to a material issue not addressed in a published opinion and it would assist the court in its disposition).

[16]Defendants do not allege fraudulent pleading of jurisdictional facts by plaintiffs.

[17]*Cooper*, 320 F. Supp. 2d at 1157.

[18]*City of Neodesha*, 2005 WL 273172, at *3.

5

other retail uses.  Defendants dispute that KGSC is a public utility and that it manufactures, distributes

or sells natural gas in the state of Kansas or elsewhere.  Instead, KGSC is engaged in the business of

licensing trademarks and trade names.  Among the trade names owned and licensed by KGSC is

"Kansas Gas Service."  Accordingly, defendants conclude, no cause of action will lie against KGSC as

the manufacturer, distributor, or supplier of natural gas.

Plaintiffs argue in their motion for remand that KGSC is an "apparent manufacturer" of natural

gas, and is thus a proper party.  The "apparent manufacturer" doctrine states, "One who puts out as his

own product a chattel manufactured by another is subject to the same liability as though he were its

manufacturer."[19]  "[O]ne puts out a chattel as his own product when he puts it out under his name or

affixes to it his trade name or trademark."[20]  Defendants argue that as a matter of law, the apparent

manufacturer doctrine is inapplicable to trademark licensors generally and to KGSC specifically.

Consequently, defendants argue, KGSC has been fraudulently joined because there is no possibility

that plaintiffs can recover against it.

Judge Van Bebber recently remanded a case under similar circumstances.  In *Crow v.  State

Industries*,[21] plaintiff filed suit against KGSC and ONEOK in the District Court of Wyandotte County,

Kansas on behalf of a Kansas resident who suffered severe injuries as a result of a natural gas

explosion that occurred at his home in 2001.  Defendants removed the case to federal court, asserting

the same grounds for removal as they do in this case–that KGSC was fraudulently named to destroy

_____

[19]Restatement (Second) of Torts § 400 (1977).

[20]*Id.*  Comment (d).

[21]2003 WL 1053945.

diversity.  Plaintiff in that case moved to amend its complaint to assert an apparent manufacturer claim against KGSC.  The court concluded, without discussion of the applicability of the apparent manufacturer claim to trademark licensors, that defendants did not meet their high burden of showing that there was no possibility that plaintiff could recover against KGSC.[22]

Defendants attempt to distinguish *Crow* because in the instant case, plaintiffs have not specifically alleged an apparent manufacturer claim against KGSC.  As the allegations against KGSC exist presently in the original petition, plaintiffs arguably fail to state a claim.  However, defendants have not persuaded the Court that there is no possibility that the petition could be amended to cure any defect.  On the contrary,  the Court finds it likely that plaintiffs could amend the petition to state an apparent manufacturer cause of action against KGSC.  The facts alleged in the petition indicate that such a claim would be proper.[23]  Moreover, any doubts arising from defective or inartful pleading should be resolved in favor of the retention of state court jurisdiction.[24]

Although Kansas recognizes the apparent manufacturer doctrine[25], the parties agree that there is no Kansas case law specifically addressing its application to trademark licensors, such as KGSC.[26]  Absent such definitive authority, there continues to be at least the possibility that plaintiffs will be able to

---

[22]*Id.*  at *3.

[23]*See Barger v. Bristol-Meyers Squibb Co.*, Case No. 93-2485, 1994 WL 69508, *3-4 (D. Kan. Feb. 25, 1994).

[24]*Id.* (citations omitted).

[25]K.S.A.  § 66-3302(b) (defining a manufacturer to include an entity that "holds itself out as a manufacturer.").  *See Davis v. United States Gauge*, 844 F. Supp. 1443 (D. Kan. 1994); *Alvarado v.  J.C. Penney Co., Inc.*, 713 F. Supp. 1389 (D. Kan. 1989).

[26]The Court does not find persuasive defendants' reliance on *Yoder v. Honeywell Inc.*, 104 F.3d 1215, 1222-24 (10th Cir. 1997), as that case dealt specifically with Colorado state law and was not decided in the context of a fraudulent joinder issue.

maintain a cause of action against KGSC.  Defendants also assert that a claim based on apparent manufacturer status cannot be maintained without the defendant "having substantial or integral involvement in the manufacture, sale, distribution, or marketing of the alleged defective product."[27] However, this is a disputed issue of ultimate fact, and is not relevant to the inquiry before the Court, that is, whether there is a possibility that plaintiffs will be able to maintain a cause of action against KGSC.

Viewing the facts and law in the light most favorable to plaintiffs, the Court finds that KGSC was not fraudulently joined and its non-diverse status compels a remand to state court.  As in the *Crow* case, the Court finds that defendants have not carried their heavy burden of showing that there is no possibility of plaintiffs recovering against KGSC in state court.  The issue of whether an apparent manufacturer claim is viable against a trademark licensor in Kansas remains unresolved.  The Court is required to resolve any disputed issues of fact and uncertain legal issues about the propriety of removal in favor of remand.[28]  Consequently, the Court finds that  joinder is proper and remand is required.[29]

### Request for Cost and Expenses

Plaintiffs request attorney's fees and costs in pursuing the remand of this action.  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[30]  An award of fees and costs lies in the district court's discretion.[31]

---

[27]Citing Restatement (Third) of Torts § 14, Comment (d) (1998).

[28] *Laughlin*, 50 F.3d at 873 (further citations omitted).

[29]*Montano*, 2000 WL 525592 at *1-2.

[30]28 U.S.C. § 1447(c).

[31]*Martin*, 2004 WL 3017257 at *2..

While the court does not have to find that removal was in bad faith as a prerequisite to awarding fees and costs,[32] attorney fees may be denied where the defendant "had a fair basis for removing the case."[33]  The Court does not find that fees and costs are warranted in this case.

**IT IS THEREFORE ORDERED** that plaintiffs' motion for remand (Doc. 6) is GRANTED, and that this case is remanded to the District Court of Saline County Kansas.  The Clerk is directed to mail a certified copy of this order to the Clerk of the Saline County Court.

**IT IS FURTHER ORDERED** that plaintiffs' motion for costs and expenses (Doc. 11) is DENIED.

IT IS SO ORDERED.

Dated this 4th day of March 2005.

 S/ Julie A. Robinson
Julie A.  Robinson
United States District Judge

---

[32]*Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 322 (10th Cir. 1997) (internal citations omitted).

[33]*Martin*, 2004 WL 3017257 at *2-3.

9